**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

RICHARD MAX FLEMING,

Plaintiff,

vs.

IOWA BOARD OF MEDICINE, JULIE J. BUSSANMAS, THERESA MARIE WEEG, IOWA BOARD OF MEDICINE BOARD MEMBERS FROM 2009 TO PRESENT, STATE OF IOWA,

Defendants.

No. C16-0161-LRR

ORDER

---

This matter is before the court pursuant to the plaintiff's application to proceed in forma pauperis and complaint. The clerk's office received those documents on July 28, 2016.

A court may permit a party to proceed with litigation in forma pauperis, that is, "without prepayment of fees or security therefor," if the party submits an affidavit that shows the inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). When ruling on a 28 U.S.C. § 1915(a)(1) application, three general principles apply. First, proceeding in forma pauperis in a civil case is a privilege or favor granted by the government. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, the statute reads that the court "may authorize the commencement" of an action. 28 U.S.C. § 1915(a)(1). The grant, denial, or other decision concerning an in forma pauperis application requires the court to exercise discretion. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (explaining the purpose of 28 U.S.C. § 1915

and stating the decision of whether to grant or deny in forma pauperis status under 28 U.S.C. § 1915 is discretionary). Third, the ability to pay does not require that plaintiffs contribute their "last dollar" or "make themselves and their dependents wholly destitute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Given the plaintiff's compliance with 28 U.S.C. § 1915(a)(1), the court concludes that the plaintiff is indigent. Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The plaintiff may proceed without the prepayment of the filing fee.

Although it agrees that the granting of in forma pauperis status is appropriate in this case, the court finds that requiring the plaintiff to submit partial payments or installment payments of the filing fee is permissible and desirable.

> The ordering of a partial payment or an installment payment for court fees fits within the [language of 28 U.S.C. § 1915. Subsection (a) of 28 U.S.C. § 1915] does not say that upon granting in forma pauper status, court fees need not be paid or that they are remitted or otherwise waived. Instead, [subsection (a)] merely authorizes commencement 'without prepayment' if the applicant 'is unable to pay such fees.' This conveys the sense that the court may authorize the filing of an action without prepayment and look to cash flow and assets in order to secure post-payment.[1]

---

[1] Prior to the enactment of the [PLRA], courts had, in large part, determined that they had the discretion to require partial payment of the filing fees by prisoners. *Byran v. Johnson*, 821 F.2d 455 (7th Cir. 1987) (collecting cases). Partial payment was said to help ensure that prisoners had an economic incentive to police their own actions, just as the non-imprisoned public must do. This rationale applies to all members of the public, in all their diverse economic situations. . . . With the enactment of the [PLRA], Congress now requires partial payment of the filing fees by prisoners and has established a uniform collection methodology for both prepayment and post–payment of the fees. *See* 28 U.S.C. § 1915(b). There has been some thought that, if not constitutional law, then at least elementary fairness requires that all parties applying for [in forma pauperis] status be subject to possible partial payment of the filing fees, and not just prisoners. *See Byran*,

(continued…)

*White ex rel. Diggs v. Barnhart*, 2002 U.S. Dist. LEXIS 14528, *5, 2002 WL 1760980 (M.D. N.C. 2002). Based on the statements that he made, the plaintiff shall submit monthly payments of at least $5.00 until the $350.00 filing fee is paid. *Cf.* 28 U.S.C. § 1915(b)(2).

A pro se party's pleadings are to be liberally construed and are held "to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)); *accord Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). Liberal construction requires that, "if the essence of an allegation is discernible . . ., then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). "Although pro se complaints are to be construed liberally, 'they still must allege sufficient facts to support the claims advanced.'" *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone*, 364 F.3d at 914). Additionally, the court is not permitted to act as counsel to either party. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("A pro se litigant should receive meaningful notice of what is expected of him, but the court is not permitted to act as counsel for either party."). Therefore, the court is not permitted to construct claims on behalf of a pro se party, even though it has a duty to liberally construe his or her pleadings. *Cf. id.*; *Farnsworth v. United States*, 106 Fed. Cl. 513, 518 (Fed. Cl. 2012) (noting that a pro se plaintiff is entitled to liberal construction of his or her pleadings; however, there is no duty on the part of the court to create a claim which the pro se party has not asserted in his or

---

[1](…continued)
821 F.2d at 459 . . . .

her pleading). Likewise, the court will not rewrite deficient pleadings to save them. *See Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) ("Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997))); *Dawkins v. Glover*, 308 Fed. App'x 394, 395 (11th Cir. 2009) ("However, [the court] will not act as *de facto* counsel for pro se parties or rewrite a deficient pleading." (formatting omitted)).

In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *accord* 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g.*, *Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

The plaintiff's complaint does not comply with the Federal Rules of Civil Procedure. Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g.*, *Williams v.*

*Harmon*, 294 F. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). The Federal Rules of Civil Procedure require parties to formulate their pleadings in an organized and comprehensible manner. Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Federal Rule of Civil Procedure 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count where doing so would promote clarity. Here, the plaintiff omitted page 5 of the form that he utilized, and, consequently, it is difficult to discern what claim, if any, the plaintiff is actually asserting against the defendants. The plaintiff's complaint alleges absolutely no facts supporting any individual's personal involvement in or responsibility for any harm that he suffered. *See Stewart v. Baker*, 360 F. App'x 696, 697 (8th Cir. 2010) (stating that a plaintiff must allege in his or her complaint that a defendant was personally involved with or had direct responsibility for the incident that injured him or her) (citing *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999)); *accord Gully v. Maynard*, 218 F. App'x 551, 552 (8th Cir. 2007) (citing *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985)). Additionally, the plaintiff maintains that the defendants are located in the Southern District of Iowa, but the plaintiff's complaint does not include sufficient information for the court to determine whether the events giving rise to the plaintiff's claim arose in the Northern District of Iowa or Southern District of Iowa. *See generally* 28 U.S.C. § 1391 (addressing venue).

Further, in support of his suit, the plaintiff relies on 28 U.S.C. § 2241, the International Covenant on Civil and Political Rights and constitutional provisions,

predicates jurisdiction on 28 U.S.C. § 1331 and 28 U.S.C. § 1332 and appears to believe that the defendants defamed him and/or violated his right to due process when they took part in a substandard investigation concerning his license to practice medicine. Having reviewed public records maintained by the Iowa Board of Medicine[2] and the records associated with *Fleming v. Iowa Bd. of Med. Examiners*, No. 14-0975, 2016 Iowa App. LEXIS 690, 2016 WL 3569904 (Iowa Ct. App. June 29, 2016),[3] *Fleming v. United States*, Case # 3:13-cv-00154-MMD, 2013 U.S. Dist. LEXIS 155731, 2013 WL 5838719 (D. Nev. Oct. 29, 2013), *aff'd*, 616 F. App'x 223 (9th Cir. 2015), *Fleming v. United States*, Case # 4:10-cv-03217-RGK, 755 F. Supp. 2d 1019 (D. Neb. 2010), and *United States v. Fleming*, Case # 4:07-cr-03005-RGK, 2009 U.S. Dist. LEXIS 94898, 2009 WL 3271338 (D. Neb. Oct. 9, 2009), the court finds that this case is frivolous and/or fails to state a claim upon which relief can be granted.

At a minimum, the plaintiff will have a difficult time establishing a state law claim of defamation and overcoming the applicable statute of limitations in light of the fact that he has not been permitted to practice medicine as a result of his federal felony conviction in 2009 and failure to complete discipline requirements. *See Bierman v. Weier*, 826 N.W.2d 436, 464 (Iowa 2013) (discussing prima facie case for any defamation case) (citing *Taggart v. Drake Univ.*, 549 N.W.2d 796, 802 (Iowa 1996)); *Davenport v. City of Corning*, 2007 Iowa App. LEXIS 1125 (Iowa Ct. App. Oct. 24, 2007) ("[T]he two-year statute of limitations period under Iowa Code section 614.1(2) applies to defamation claims."). Similarly, for the reasons already stated by the Ninth Circuit Court of Appeals,

---

[2] The Iowa Board of Medicine maintains public documents that relate to disciplinary proceedings, which may be accessed online by entering a last name in the search feature at: http://medicalboard.iowa.gov/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

[3] The court notes that Julie J. Bussanmas, an Assistant Attorney General, and Theresa M. O'Connell Weeg, an Assistant Attorney General, appeared as counsel for the Iowa Board of Medical Examiners.

the plaintiff cannot rely on the International Covenant on Civil and Political Rights. *See Fleming v. United States*, 616 F. App'x 223, 224 (9th Cir. 2015) (emphasizing that the International Covenant on Civil and Political Rights does not create enforceable obligations in federal courts). And, the plaintiff is attempting to sue the Iowa Board of Medicine, the State of Iowa and individuals who have allegedly been associated with the Iowa Board of Medicine since 2009, but he does not account for the doctrine of sovereign immunity under the Eleventh Amendment, which bars a suit brought solely against the state or an agency of the state. *See Brown v. Ark. Dep't of Human Servs.*, 452 F. App'x 690, 691 (8th Cir. 2011 (applying Eleventh Amendment), *Morstad v. Dep't of Corrections and Rehabilitation*, 147 F.3d 741, 743-44 (8th Cir. 1998) (same); *Williams v. Missouri*, 973 F.2d 599, 599-600 (8th Cir. 1992) (per curiam) (same). Lastly, although the plaintiff is dissatisfied with the investigation by the defendants and the outcome of *Fleming v. Iowa Bd. of Med. Examiners*, No. 14-0975, 2016 Iowa App. LEXIS 690, 2016 WL 3569904 (Iowa Ct. App. June 29, 2016), the plaintiff is unable to raise a claim that would call into question the issues that the state courts decided. *See More v. Child Support Recovery*, 383 F. App'x 574, 575 (8th Cir. 2010) (emphasizing that the *Rooker-Feldman* doctrine bars cases brought by state-court losers complaining of injuries caused by state-court judgments). The plaintiff cites no authority which permits this court to compel a state court or a government officer to perform mandatory or purely ministerial duties correctly. Because the federal judiciary is separate from the state courts, the plaintiff's recourse for an insufficient investigation, if any, is through the proper channels, including the Iowa Board of Medicine, the proper state district court and the proper appellate courts.

In sum, the plaintiff's complaint is either frivolous or fails to state a claim upon which relief can be granted. Accordingly, the court shall dismiss the plaintiff's action.

**IT IS THEREFORE ORDERED**:

(1) The plaintiffs' application to proceed in forma pauperis (docket no. 2) is granted.

(2) The plaintiff is directed to submit monthly payments of at least $5.00 until the $350.00 filing fee is paid.

(3) The plaintiff's action is dismissed pursuant to 28 U.S.C. § 1915(e)(2).

(4) The clerk's office is directed to enter judgment in favor of the defendants.

**DATED** this 24th day of August, 2016.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA